IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

§
§
IN RE: DMCA SECTION 512(h) SUBPOENA §
TO FACEBOOK, INC.                                    §        MISC. NO. H-15-0654
§
§

## ORDER

Before the Magistrate Judge upon referral from the District Judge is Dennis Flaherty's (Requestor) Opposed Motion to Compel Production of Information to Identify an Alleged Infringer (Document No. 3). In that motion, Requestor seeks an Order compelling Facebook, Inc, to produce documents sought in a subpoena that was issued by the Clerk on March 16, 2015. Facebook, Inc., in response, argues that the Motion to Compel should be denied because (1) Requestor already knows the identity and contact information of the Facebook user who has purportedly infringed on Requestor's copyright; (2) there is no nationwide jurisdiction or venue for § 512(h) subpoenas; (3) there has been no showing of personal jurisdiction over Facebook, Inc., (4) venue is improper as neither Requestor nor Facebook resides in this District; and (5) the subpoena is invalid because it seeks production in Spring, Texas, which is more than 100 miles from Facebook's Austin office.

Having considered the motion, the response, and 17 U.S.C. § 512, which allows for subpoenas to identify copyright infringers, it is

ORDERED that Dennis Flaherty's (Requestor) Opposed Motion to Compel Production of Information to Identify an Alleged Infringer (Document No. 3) is DENIED. While this denial could reasonably be based on any of the grounds advanced by Facebook, the most clear and direct bases for denying the motion to compel is the complete absence of any nexus to this District, rendering

venue improper, and the invalidity of the subpoena given the requested compliance more than 100 miles from Facebook's closest office, in Austin, Texas. Requestor is a resident of California. Facebook, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California. While Facebook, Inc. has offices in Austin and Dallas, it has no office in this District. The one and only connection to this District is the location of Requestor's counsel. That, however, is insufficient to support venue. Moreover, as argued by Facebook, and not disputed by Requestor, the distance between Facebook's Austin office and the subpoena's place of compliance in Spring, Texas, exceeds the 100 miles provided for in Fed. R. Civ. P. 45(c)(3)(A)(ii).

Signed at Houston, Texas, this 24th day of April, 2015.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

2